**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| URBANO JIMENEZ, | No. 20-72898 |
| Petitioner, | Agency No. A088-130-567 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2021[**]

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Urbano Jimenez, a native and citizen of Mexico, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to

reconsider and reopen removal proceedings. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reconsider and the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Jimenez's motion to reconsider and reopen as untimely and number barred, where it was filed more than 10 years after the order of removal became final and was beyond the numerical limitations. *See* 8 U.S.C. § 1229a(c)(6)(A), (7)(A); 8 C.F.R. § 1003.2(b)(2), (c)(2). The BIA also did not abuse its discretion in denying Jimenez's motion to reopen based on changed country conditions, where he did not establish prima facie eligibility for relief. *See* 8 C.F.R. § 1003.2(c)(1); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (petitioner must demonstrate prima facie eligibility for the relief sought). We reject as unsupported by the record Jimenez's contention that the agency erred in its analysis of his claim.

We lack jurisdiction to review the agency's determination not to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-824 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

The temporary stay of removal remains in place until issuance of the mandate. The motion for stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**